UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DOUGLAS CARR HOOPER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 01-1809 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1994, Petitioner was convicted in the U.S. District Court for the Western District of Michigan for ten federal drug law offenses. He was sentenced to a total of 205 months in federal prison. (Brief In Support Of Petition, [Docket No. 2], pp. 1-2.) He is presently

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED OCT 09 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

serving his sentence at the Federal Prison Camp in Duluth, Minnesota.

Petitioner's convictions and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals. United States v. Hooper, No. 94-1912 (6th Cir. 1995), 1995WL 514649 (unpublished opinion), cert. denied, 517 U.S. 1192 (1996). In 1997, Petitioner challenged the legality of his convictions and sentence in a motion before the trial court, which was brought under 28 U.S.C. § 2255. In his § 2255 motion, Petitioner contended that the quantity of the controlled substance involved in his offenses had been calculated improperly at sentencing, and that his sentence should therefore be reduced. He further alleged that he received ineffective assistance of counsel at trial, because his attorney did not challenge the methodology used to calculate the drug quantity for sentencing purposes. Petitioner also claimed that he received ineffective assistance of appellate counsel, because his attorney did not raise the drug quantity calculation issue, or the alleged errors of his trial counsel, as part of Petitioner's direct appeal. (See Brief In Support Of Petition, [Docket No. 2], p. 14.)

Petitioner's § 2255 motion was denied on the merits at the district court level on February 4, 1999. The district court judge refused to grant Petitioner a certificate of appealability, which he needed to bring an appeal, (see 28 U.S.C. § 2253), but the Sixth Circuit Court of Appeals did grant a certificate of appealability, and agreed to review Petitioner's case for a second time. In Petitioner's second appeal, the Circuit Court again rejected all of his arguments and again upheld his convictions and sentence. Hooper v. United States, No. 99-1287 (6th Cir. 2000), 2000 WL 658037, (unpublished opinion), cert. denied, 121 S.Ct. 1632 (2001).

In his current habeas corpus petition brought under 28 U.S.C. § 2241, Petitioner is once again challenging the methodology used to determine the quantity of the controlled substance involved in his crimes. (Brief In Support Of Petition, [Docket No. 2], p. 10.) He is also again claiming that he received ineffective assistance of counsel -- at trial and on direct appeal -- because his attorneys did not properly challenge the drug quantity calculations used at sentencing. (Id., pp. 9, 13-15.)

Because all of the claims presented here were raised and decided in Petitioner's previous § 2255 proceedings, (see id., pp. 17-18), the present habeas corpus action must be summarily dismissed.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No other court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"

DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

In this case, Petitioner obviously is challenging the sentence imposed by the trial court. Therefore, his § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless he can show that § 2255 is an "inadequate or ineffective" remedy.

Petitioner evidently thinks that § 2255 must be viewed as an inadequate or ineffective remedy, merely because he did not obtain the relief he was seeking in his prior § 2255 motion. That, however, is simply not correct. The inadequate or ineffective remedy exception does not allow a federal prisoner to use a § 2241 habeas corpus petition as a vehicle for re-raising claims that were, or could have been, raised and adjudicated in a prior § 2255 motion. This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions, which are worth quoting at length, because they are so directly applicable to the present case.

In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's argument that his § 2255 motion was inadequate and ineffective is based upon a mistaken interpretation of that section. Petitioner would have the section read that an application for a writ of habeas corpus shall not be entertained unless it appears 'that the remedy by motion is inadequate or ineffective.' This reading overlooks the fact that the inadequacy or ineffectiveness must relate specifically to a procedural deficiency in 'test[ing] the legality of his detention.'
>
> Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test'

> its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention." (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert. denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [sentencing] court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.' If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted § 2255."

See also, Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969) ("[a] federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the section 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous section 2255 petition was unsuccessful") (emphasis added); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam) (same).

Our Court of Appeals has recently confirmed that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A federal prisoner can challenge his conviction and/or sentence in a § 2241 habeas petition, "only if he had no reasonable opportunity to obtain earlier judicial correction of a

fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims on direct appeal and/or in his § 2255 motion to the trial court, and he has cited no relevant change in the law that has occurred since his § 2255 motion was denied. Therefore, he cannot challenge his sentence again in a § 2241 habeas corpus action.

Petitioner evidently believes that his prior § 2255 motion was denied solely because of some bias or prejudice allegedly held by the district court judge, which Petitioner presumably believes was shared by the three judges of the Sixth Circuit who upheld the district judge's ruling. He must recognize, however, that our Court does not have the legal authority to review and overturn a decision by a co-equal district court – not to mention a decision by a circuit court of appeals. See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (second collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court"); see also Tripati v. Henman, 843 F.2d 1160 (9th Cir.) (a federal prisoner cannot choose to challenge his conviction or sentence in a § 2241 habeas petition, rather than a § 2255 motion, simply because he believes the trial court judge is biased and prejudiced), cert. denied, 488 U.S. 982 (1988).[2]

---

[2] In Tripati, as in this case, a federal prisoner sought habeas corpus relief under § 2241, because he believed that the district judge in his criminal case was biased against him. Like the instant petitioner, the prisoner in Tripati argued that the post-conviction remedy provided by § 2255 was "inadequate or ineffective" because of the district judge's alleged bias, and that he should therefore be allowed to seek relief under § 2241. The

In sum, Petitioner cannot challenge the legality of his sentence in the present § 2241 habeas corpus petition, because the remedy provided by § 2255 is entirely adequate and effective for that purpose. Petitioner's current petition is therefore barred by § 2255's exclusive remedy rule. Because the claims presented in the instant petition cannot properly be entertained here, this action should be summarily dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: October 9th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

Ninth Circuit rejected that argument, holding that the prisoner "has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a § 2255 motion in the District [where he was tried and convicted] an effective remedy even if his allegations of bias are true and sufficient." 843 F.2d at 1163.